**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1000-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CARLOS J. AMORIM,

     Defendant-Appellant.

_____

Submitted December 4, 2018 – Decided January 10, 2019

Before Judges Sabatino and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Accusation No. 05-05-0490.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel; William P. Welaj, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Carlos Amorim appeals from the Law Division's May 19, 2017 order denying his petition for post-conviction relief ("PCR"). We affirm.

We briefly recite the relevant facts from the record. In 2005, defendant was charged with numerous drug offenses in a six-count accusation. On May 27, 2005, defendant pled guilty, pursuant to a plea agreement, to one count of conspiracy to commit possession with intent to distribute a controlled dangerous substance. During the plea hearing, defendant testified that he had reviewed and understood the plea form and that he had no questions for his attorney or the court. One question on the plea form asked if defendant understood "that if you are not a United States citizen or national, you may be deported by virtue of your guilty plea?" Defendant circled "yes" in response to this question.

Additionally, the plea court asked defendant if he understood that his plea may have immigration consequences and if he had discussed the immigration consequences with his attorney. Defendant answered affirmatively. The court asked if defendant had consulted with another attorney who specialized in immigration law, to which defendant's plea counsel responded affirmatively. After plea counsel elicited a factual basis for the plea, the court accepted defendant's plea as knowing and voluntary. The court sentenced defendant to

time served and two years of probation and dismissed the remaining counts in the accusations on the State's motion, in accordance with the plea agreement.

In 2015, defendant became aware that a warrant had been issued for his deportation. On April 6, 2016, defendant filed a petition for PCR while in the custody of Immigration and Customs Enforcement. He alleged that his plea counsel was constitutionally ineffective because counsel misinformed defendant about the immigration consequences of his plea. After hearing legal argument in February 2017, Judge Verna G. Leath ordered an evidentiary hearing to address defendant's contention that his plea counsel gave immigration advice and represented himself to defendant as an immigration attorney.

At the evidentiary hearing on May 9, 2017, both plea counsel and defendant testified. Plea counsel testified that did not specifically remember the case, but explained his normal practices in representing non-citizens at the time defendant entered his plea, including how he would review the plea form with each defendant. Plea counsel testified that he would have responded affirmatively to the plea court's inquiry if defendant had consulted an immigration attorney "because either [he] directed [defendant] there or that there was discussion that there was some sort of consultation." Defendant testified that on the day of the plea hearing, plea counsel told him that an immigration

A-1000-17T3

stamp had been lifted and that everything was going to be okay. Defendant also testified that he never consulted with another immigration attorney and that had he known his plea counsel did not specialize in immigration law, he would have hired a different attorney who specialized in both criminal and immigration law to represent him.

On May 19 2017, Judge Leath issued an oral decision denying defendant's petition for PCR. Judge Leath found that defendant had shown excusable neglect to waive the five-year time bar on his PCR petition. See R. 3:22-12(a)(1)(A). Addressing the merits of defendant's petition, Judge Leath found that defendant failed to establish that his counsel was constitutionally ineffective. Judge Leath found that the plea court conducted a sufficient voir dire of defendant regarding his understanding of the potential immigration consequences of the plea. Judge Leath also found that plea counsel was "credible when he testified how he reviewed the plea form with his client and the merits of the plea offer." However, Judge Leath "had greater difficulty accepting defense counsel's averment that he would not have said that defendant consulted with an immigration attorney if he had not." Nonetheless, Judge Leath

A-1000-17T3

noted that the plea in this case predated Nunez-Valdez[1] and Padilla[2] and found that defendant had failed to establish that his plea counsel's performance was constitutionally deficient.

Defendant appealed the PCR's court denial of his petition. On appeal, defendant raises the following point for our review:

> POINT I: THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF FOLLOWING THE EVIDENTIARY HEARING SINCE THE DEFENDANT FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL REGARDING THE DEPORTATION CONSEQUENCES ARISING OUT OF HIS GUILTY PLEA, RESULTING IN A GUILTY PLEA WHICH HAD NOT BEEN FREELY, KNOWINGLY AND VOLUNTARILY ENTERED, WHILE THE FACTUAL FINDINGS MADE BY THE POSTCONVICTION RELIEF COURT UNDERLYING ITS DENIAL WERE NOT SUPPORTED BY THE RECORD ESTABLISHED AT THE HEARING.

Mindful of the trial judge's opportunity to hear and see live witnesses, we

---

[1] State v. Nuñez-Valdéz, 200 N.J. 129 (2009).

[2] Padilla v. Kentucky, 559 U.S. 356 (2010).

defer to a trial court's factual findings made after an evidentiary hearing on a petition for PCR. State v. Nash, 212 N.J. 518, 540 (2013). "[W]e will uphold the PCR court's findings that are supported by sufficient credible evidence in the record." Ibid. (citing State v. Harris, 181 N.J. 391, 415 (2004)). However, "we need not defer to a PCR court's interpretation of the law; a legal conclusion is reviewed de novo." Id. at 540-41 (citing Harris, 181 N.J. at 415-16).

A PCR petitioner faces the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002). Further, to establish an ineffective-assistance-of-counsel claim, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting two-part Strickland test in New Jersey).

In this case, defendant contends his counsel was constitutionally ineffective because counsel failed to adequately advise him of the deportation consequences arising out of the guilty plea. "In [Nuñez-Valdéz], our State Supreme Court held a defendant can show ineffective assistance of counsel by proving that his [or her] guilty plea resulted from 'inaccurate information from counsel concerning the deportation consequences of his plea.'" State v.

<u>Brewster</u>, 429 N.J. Super. 387, 392 (App. Div. 2013) (quoting <u>Nuñez-Valdéz</u>, 200 N.J. at 143). The United States Supreme Court has clarified that counsel's duty is not limited to avoiding "false or misleading information," as our Court identified in <u>Nuñez-Valdéz</u>, 200 N.J. at 138, but also includes an affirmative duty to inform a defendant entering a guilty plea of the relevant law pertaining to mandatory deportation. <u>See</u> <u>Padilla</u>, 559 U.S. at 368-69.

The United Supreme Court, however, held that the rule announced in <u>Padilla</u> imposed a new obligation and announced a new rule of law. <u>Chaidez v. United States</u>, 568 U.S. 342, 357-58 (2013). Consequently, the holding of <u>Padilla</u> would be applied prospectively and "defendants whose convictions became final prior to Padilla therefore cannot benefit from its holding." <u>Id.</u> at 358. Accordingly, pleas entered prior to <u>Padilla</u> are reviewed to determine whether counsel provided affirmatively false or misleading information regarding the plea's immigration consequences. <u>State v. Santos</u>, 210 N.J. 129, 143-44 (2012). "Only if defendant's attorney affirmatively gave incorrect advice about the deportation consequences of his [or her] guilty plea might he [or she] be entitled to set aside his [or her] conviction in accordance with the holding of <u>Nuñez-Valdéz</u>." <u>Brewster</u>, 429 N.J. Super. at 394-95.

7

In this case, defendant pled guilty prior to the Supreme Court deciding Padilla. Under the pre-Padilla standards, we agree with the PCR court that defendant cannot meet the first Strickland prong. The PCR court found that plea counsel was credible when he testified that he reviewed the plea form with defendant and discussed the merits of the plea offer with defendant. Giving deference to this credibility determination, we conclude that the PCR court's finding that defendant failed to establish that plea counsel provided affirmative misinformation regarding immigration consequences is supported by substantial, credible evidence in the record. See In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997) ("Deference to a trial court's fact-findings is especially appropriate when the evidence is largely testimonial and involves questions of credibility."). Accordingly, defendant failed to meet the burden under Nuñez-Valdéz to establish that his plea counsel was constitutionally ineffective.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION